UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,
    Plaintiff,

                                        Case No. 1:06-CV-584

vs.                                                    Barrett, J.
                                                    Black, M.J.

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 10) SHOULD BE GRANTED AND THIS CASE CLOSED**

This case is before the Court on the defendant Commissioner of Social Security's motion to dismiss for lack of jurisdiction (doc. 10) and plaintiff's memorandum in opposition (doc. 15).

**STATEMENT OF THE CASE**

The defendant has moved to dismiss this Social Security disability benefits appeal brought under 42 U.S.C. § 405(g) on the basis that the action was untimely filed. The Appeals Council's denial on March 29, 2006 of plaintiff's request for review of the Administrative Law Judge's decision rendered the Administrative Law Judge's decision denying benefits the "final decision" of the defendant giving rise to a right to judicial review, if requested within 60 days of receipt of the Appeals Council's March 29, 2006 denial of review, or within such further time as the Commissioner may allow. *See* 42 U.S.C. § 405(g).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The agency generally assumes, absent evidence to the contrary, that the notice is received within five days of mailing, per C.F.R. §422.210(c). Here, plaintiff presumptively would have received the Appeals Council's decision five days after the decision was issued, or by April 3, 2006. That would make his complaint due 60 days later, by June 2, 2006.

On June 13, 2006, plaintiff asked the Appeals Council for a 48-day extension of time to file his civil action by July 31, 2006. Thereafter, by notice dated June 24, 2006, the Appeals Council granted the plaintiff a 60-day extension, thus making the plaintiff's complaint due on August 28, 2006, allowing for the presumptive 5 days of mailing. Plaintiff filed his *in forma pauperis* petition with his proposed complaint on September 1, 2006. Thus, the defendant asserts that the plaintiff's complaint was filed untimely and should be dismissed.

Plaintiff maintains that he received the Appeals Council's notice of the 60-day extension on July 12, 2006 because of a postal mailing error. Plaintiff asserts that the notice was returned to the post office as undeliverable because the zip code was entered incorrectly by the Appeals Council. Plaintiff asserts that, upon investigation, he determined that the receiving post office corrected the zip code, re-sent the letter to the correct address, resulting in the plaintiff receiving the notice on July 12, 2006. Thus, the plaintiff argues that the 60 day time limit should begin running as of July 12, 2006, resulting in a filing deadline of September 11, 2006.

## STANDARD OF REVIEW

On consideration of a motion to dismiss under either Rule 12(b)(1) or (6), the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 199) (Rule 12(b)(6)); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), *cert. denied,* 513 U.S. 868 (1994) (Rule 12(b)(1)).

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1),[2] the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "[T]he court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Rogers v. Stratton Industries, Inc*., 798 F.2d 913, 918 (6th Cir. 1986). In resolving a factual jurisdictional issue under a Rule 12(b)(1) motion, the Court addresses the jurisdictional issue in the same manner as summary judgment issues, in that the moving party must demonstrate the absence of a genuine issue of jurisdictional fact. *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir.1983); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Thus, as with summary judgment motions, the moving party in a factual challenge

---

[2] A motion to dismiss for lack of subject matter jurisdiction is an appropriate vehicle for a court's consideration of claims that are asserted to be untimely. *Living Care Alternatives of Utica, Inc. v. U.S.* 312 F.Supp.2d 929 (S.D.Ohio 2004) (citing Fed.R. Civ.P. 12(b)(1)).

-3-

to jurisdiction is required to demonstrate a lack of genuine issue of material fact as to the jurisdictional question, either through the submission of evidence or by making a "showing" that plaintiff cannot establish the necessary facts. *Id.*; *see also United States v. Operation Rescue*, 112 F.Supp.2d 696, 700 (S.D. Ohio 1999); *Milwee v. The Peachtree Cypress Investment Co.*, 510 F.Supp. 279, 283 (E.D. Tenn.1977).

## DISCUSSION

Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative order may obtain. *Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336, 78 S.Ct. 1209, 1219, 2 L.Ed.2d 1345 (1958). Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act. *See* 42 U.S.C. § 405(g) and (h). The remedy provided by section 205(g) is obviously exclusive.

The relevant provisions of section 205 read as follows:

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decisions or within such further time as the Secretary may allow.

(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Thus, under 42 U.S.C § 405(g), an action seeking judicial review must be

instituted within 60 days of the date of the final determination. *See Hallett v. Secretary of Health and Human Services,* 35 F.3d 565, 1994 WL 443468, *1 (6th Cir.1994) (concluding that the district court lacked jurisdiction to review the Secretary's decision because the complaint was not filed within 60 days from the date of the Secretary's final administrative action); *Charleston v. Secretary of Health and Human Services,* 14 F.3d 600, 1993 WL 514100, *1 (6th Cir. 1993)(holding that the district court lacked jurisdiction to review the Secretary's decision because plaintiff did not file a complaint within 60 days from the date of the Secretary's final administrative decision); *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974) (same).[3]

The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§404.901 and 422.21(c). Here, the Appeals Council decision was dated March 29, 2006. Thus, plaintiff was required to file his complaint on or before June 2, 2006. The plaintiff asked the Appeals Council for a 48-day extension on June 13, 2006 to file his civil action by July 31, 2006. *(See* doc 10). The Appeals Council granted a 60-day extension on June 24, 2006 to file by August 28, 2006, including the presumptive five days for receipt.

In *Bowen v. City of New York,* 476 U.S. 467 (1986), the Supreme Court affirmed its earlier decisions declaring that the 60 day limit in § 405(g) is not jurisdictional but a period

---

[3] Other circuit courts have held likewise. *See, e.g., Small v. Gardner,* 390 F.2d 186 (1st Cir.1968), *cert. denied,* 393 U.S. 984 (1968); *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983); *Thibodeaux ex rel. Thibodeaux v. Bowen,* 819 F.2d 76 (5th Cir.1987); *Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980); *Neighbors v. Secretary of Health, Education and Welfare,* 511 F.2d 80 (10th Cir.1974); *Stone v. Heckler;* 778 F.2d 645 (11th Cir.1985); .

of limitations.  *Id* at 2029.  Noting that Congress evinced a clear intention to allow tolling of the 60 day limit in some cases, the Supreme Court next concluded that application of traditional equitable tolling principles to § 405(g) was "consistent with the overall congressional purpose" behind the statute, and was "nowhere eschewed by Congress."  *Id.* at 480.

Only in cases where equity favors extending the 60 day filing period should the courts extend the time allowed for commencing a civil action.  *See Bowen v. City of New York,* 476 U.S. 467, 480-81 (1986).  In the absence of arguments alleging an erroneous calculation of the 60 day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.  *Castle v. Chater,* 934 F.Supp. 847, 848 (E.D.Ky. 1996).

Thus, the *Bowen* Court determined that the 60 day period could be tolled by equitable considerations.  *Bowen,* 476 U.S. at 480.  Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process.  *Id.* at n. 12.  Since *Bowen*, the Sixth Circuit has held that a particular unpublished – but not clandestine or secretive – policy would <u>not</u> present an instance of equitable tolling.  *See Day v. Shalala,* 23 F.3d 1052 (6th Cir.1994).  However, the Sixth Circuit has not exhaustively defined what specific instances would be considered to justify tolling the limitations period under Section 205.

Courts in other circuits have found "equitable circumstances" which could justify the tolling of the appeal period to include situations:

(1) Where a *clandestine* agency policy or procedure has a direct impact on

> the appeal procedure, or the ability to make a meaningful decision to appeal, to the federal courts – *e.g.*, *Bowen v. City of New York,* 476 U.S. at 481, 106 S.Ct. at 2030; *State of New York v. Sullivan,* 906 F.2d 910 (2nd Cir.1990);
>
> (2) Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some conduct (or omission in the fact of a direct, diligent inquiry regarding appeal) on the part of the agency or its representatives -- *e.g.*, *Vernon v. Heckler,* 811 F.2d 1274, 1278 (9th Cir.1987); *Aschettino v. Sullivan,* 724 F.Supp. 1116 (W.D.N.Y.1989); or
>
> (3) In the case of a claimant unaccompanied by counsel, where there exists a mental impairment of sufficient magnitude to cast doubt on his ability to understand the appeals process --*e.g.*, *Canales v. Sullivan,* 936 F.2d 755 (2nd Cir.1991).

Here, equity does not mandate an exception to the 60 day filing requirement. Plaintiff does not argue that he misunderstood the filing requirements outlined in the Appeals Council's decision, nor that his complaint was untimely as a result of illness or accident. Here, plaintiff 's original complaint, due to the Appeals Council on June 2, 2006, was responded in an untimely fashion on June 13, 2006 , with a request for a 48-day extension. Nonetheless, the Appeals Council granted a 60-day extension on June 24, 2006. Thereafter, the plaintiff simply asserts that the postal service delayed in delivering the message because of an incorrectly entered zip code. However, plaintiff's blithe assertion is insufficient to rebut the presumption that the notice was received five days after filing. *See Piscopo v. Secretary of Health and Human Services,* 27 F.3d 554, 1994 WL 283919 * 4, (1st Cir. 1994)(concluding that plaintiff's assertion that she failed to pick up her mail is insufficient to rebut the presumption that the notice was received within five days of its date).

Thus, the fact that plaintiff asserts that he did not receive the Appeal Council's

-7-

notice until July 12, 2006 does not refute the presumption that it was received within five days of the date of the decision. To hold otherwise would mean that any claimant could avoid the limitations period by simply asserting that the mail was delivered late. *Id.* The 60 day filing deadline cannot be side-stepped so easily. *See McCall v. Bowen,* 832 F.2d at 864-65(5th Cir. 1987) (holding that Appeals Council was entitled to conclude that affidavits of plaintiff and his counsel which claimed that they did not receive notice of Appeals Council's decision until over two months after its mailing were insufficient to rebut presumptive date of receipt); *Leslie v. Bowen,* 695 F. Supp. at 506 (D. Kan. 1988) (rejecting plaintiff's uncorroborated claim that he did not receive May 9, 1988 notice until May 23, 1988); *Rouse v. Harris,* 482 F. Supp. 766, 768-69 (D.N.J. 1988) (rejecting claims of plaintiff and her counsel denying receipt of separate notices of Appeals Council's decision absent "a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days" of mailing).

Plaintiff could have requested another extension of time in which to file his complaint, beyond the deadline originally extended to August 28, 2006 at his request. Plaintiff had sufficient time to file an extension even assuming receipt of the notice on July 12, 2006. However, the record is devoid of any such request.

Accordingly, equitable tolling is <u>not</u> appropriate in this matter.  *See Kendus v. Barnhart,* 247 F.Supp.2d 664 (E.D. Pa. 2003)(finding that claimant failed to show that circumstances favored equitable tolling of the Social Security Act's 60-day limitations period for judicial review because there was no evidence that claimant ever requested an extension of time in which to commence a civil action); s*ee also Castle v. Chater*, 934 F.Supp. 847 (E.D. Ky. 1996)(holding that unusually heavy snowfall did not equitably toll 60-day period when the Commissioner of Social Security was not associated with the delay and no extension of time was sought from the administrative agency).

### IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss (doc. 10) should be **GRANTED** and this case **CLOSED.**


DATE:  August 26, 2008   　　　　　　　　　s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,
        Plaintiff,

                                        Case No. 1:06-CV-584

    vs.                                           Barrett, J.
                                              Black, M.J.

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

## NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).