**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Darlington Amadasu, | Case No.: 1:06cv584 |
| Plaintiff | Judge Michael R. Barrett |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## ORDER

Before the Court is Magistrate Judge Black's August 26, 2008 Report and Recommendation (hereinafter "Report") (Doc. 16). In the Report, Magistrate Judge Black recommends that the matter be dismissed for lack of jurisdiction. Defendant filed Objections to the Magistrate's Report (Doc. 19).

I.    Objections

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). In the instant matter, Plaintiff argues that the Magistrate Judge

overlooked facts and evidence and considered an inadmissable hearsay declaration. He also argues that the Defendant did not meet its burden of showing that the letter in question was received by Plaintiff.

II.     Background Facts and Procedural History

The Commissioner of Social Security filed a motion to dismiss this matter on the basis that it was untimely filed. Plaintiff was denied certain disability benefits by the Social Security Administration and he requested a review by the Appeals Council. The Appeals Council denied Plaintiff's request for review on March 29, 2006 and gave Plaintiff notice that he had sixty days in which to file a civil action. (See Doc. 10, Kelly Decl., Ex. 2; 42 U.S.C. §405(g)). Subsequently, Plaintiff requested an extension and informed the Appeals Council that the denial letter was delayed in reaching him due to the incorrect zip code being placed on it. (See Id., Ex. 3, p2).

By letter dated Saturday, June 24, 2006 the Social Security Administration granted Plaintiff an additional sixty days in which to file a civil action and informed him that it is assumed that the letter is received within five days unless Plaintiff can show that he did not receive it within that 5-day period. (See Id., Ex. 3; C.F.R. §422.210(c)). This letter contained Plaintiff's correct mailing address. Plaintiff's complaint was due on or before August 28, 2006. This matter was filed on September 1, 2006.

Plaintiff now claims that he did not receive this letter until July 12, 2006 due to an incorrect zip code on the envelope. In support of this assertion, Plaintiff alleges that he called the Cincinnati and Leesburg offices informing them

that the envelope was wrongly addressed and delivered untimely. He also requested a re-issue of the extension. (See Doc. 19, Amadasu Decl. ¶10)[1]. Plaintiff then alleges that he sent a letter dated July 12, 2006 to the Appeals Council memorializing the above referenced phone calls. (Id., ¶12; Id., Ex. 2.). However, the Defendant has no record of this letter. (Doc. 10., Kelly Decl., ¶5). Plaintiff also attaches a copy of the purported envelope which has the wrong zip code on it. (See Doc. 19, Amadasu Decl., Ex. 1). He argues that the sixty day limit should calculate from July 12, 2006 thereby making his deadline September 11, 2006.

III.  Analysis

A.  Standard of Review

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004). A facial attack on subject matter jurisdiction merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Here, the Defendant is bringing a factual attack. A factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.

---

[1] References to the Amadasu Declaration are found at Doc. 19-2, pages 16-20. Plaintiff has attached another declaration at pages 1-8 that relate to another case and are not relevant here.

3

1994). Therefore, this Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." 922 F.3d at 325. In doing so the Court must address the jurisdiction issue in the same manner as a motion for summary judgment, i.e., the movant must demonstrate the absence of a genuine issue of jurisdictional fact. *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir. 1983). The Court may allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

B. Discussion

Any individual seeking judicial review of a final decision arising under Title II or Title XVI of the Social Security Act has sixty days in which to file such civil action. See 42 U.S.C. §405(g). The sixty days begins to run upon receipt of the final decision and receipt is presumed to be five days after the date fo such notice, unless a reasonable showing to the contrary can be made by the claimant. 20 C.F.R. §§ 404.901 and 422.21(c). However, this limit can be tolled in cases where equitable circumstances exist to toll this period. *See Bowen v. City of New York*, 476 U.S. 467, 480-481 (1986) and *Castle v. Chater*, 934 F. Supp. 847, 848 (E.D.Ky. 1996). It is Plaintiff's burden to show equity favors extending this time period. *Id.*; *See also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004).

Here, Plaintiff has failed to show that equity favors his untimely filing of this action. In addition to the reasons set forth by the Magistrate Judge on pages 7-8 of the Report, it appears to the Court that Plaintiff's recitation of the facts are

not truthful.  It is undisputed that the Appeals Council denied Plaintiff's request for review on March 29, 2006 and that Plaintiff requested an extension on June 13, 2006.  It is undisputed that Plaintiff informed the Appeals Council that the denial letter was delayed in reaching him due to the incorrect zip code being placed on it.  It is further undisputed that the Appeals Council sent another letter, dated June 24, 2006 to Plaintiff granting him 60 more days and informing him that it is assumed that the letter is received within five days unless he can show that he did not receive it within that 5-day period.  Finally, it is undisputed that this June 24, 2006 letter contained Plaintiff's correct mailing address and zip code.

However, Plaintiff asserts that the envelope containing the June 24th letter was addressed incorrectly and has submitted what he purports to be as the envelope showing this alleged incorrect zip code.  The Court questions the veracity of this assertion for three reasons.  First, there is no visible postmark on the envelope which could show an approximate date as to when it was mailed.  Second, the letter itself is properly addressed.  And third, the envelope matches, in both type style and punctuation, the denial letter of March 29, 2006, which the Appeals Council acknowledges was incorrectly addressed, and is very distinguishable from the letter of June 24th.  The Court ordered Plaintiff to produce the original of these documents (See. Doc. 20) to examine the envelope for a postmark; however, Plaintiff objected to being singled out and failed to produce the documents arguing that they were destroyed (Doc. 22).  In addition, Plaintiff asserts that he had two phone calls with Social Security and that he sent a letter dated July 12, 2006 to the Appeals Council memorializing the above

referenced phone calls. However, Defendant has no record of receiving this letter.

This Court has previously found that Plaintiff has presented fraudulent documents to the Court. See *Amadasu v. General Revenue Corp.*, 2007 WL 4800349 (S.D. Ohio 2008)(this Court held that Amadasu forged ten of the twelve letters attached to his complaint and dismissed Amadasu's claims as a sanction). This Court went on to state,

> the Court has grave concerns regarding Plaintiff's propensity to forge or alter documents in the future as it is clear that this is not the first time Plaintiff has done so in this Court. (*See Amadasu v. Donovan, et al,* Case No. 1:01cv210- SJD-TSB, Doc. 137 (finding Plaintiff had forged correspondence allegedly written by the Defendants) and *Amadasu v. Macharet, et al.*, Case No. 1:02cv263-SJD-TSB, Doc. 88 (finding Plaintiff's intentional misrepresentations on the record to the Court constituted support for recommending dismissal)).

Since the opinion in *General Revenue Corp*, Judge Dlott has declared Plaintiff a harassing and vexatious litigator based upon his fraudulent misrepresentations to the Court, his frivolous and harassing filings and his failure to comply with Rule 26 of the Federal Rules of Civil Procedure. *Amadasu v. Holloway Credit Solutions, LLC,* 1:08cv36 SJD-TSB, Doc. 39 and 46.

IV. Conclusion

Thus, based upon the foregoing, the Court finds that Plaintiff has failed to show exceptional circumstances as to why he did not file his complaint within sixty days from the presumed receipt of his denial letter and this Court does not have jurisdiction. The Report and Recommendation is hereby ADOPTED (Doc.

16). This matter is closed. The Clerk of Courts is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

<u>s/Michael R. Barrett</u>
Michael R. Barrett, Judge
United States District Court
